By the Court—Hoffman, J.
The consideration of a check or note may be inquired into: that nothing was given for it, or what was given for it, is open to proof. This involves the whole *531 examination of the facts and circumstances attending the transaction, so far as the point of consideration is concerned. (Chitty on Bills, 69, and notes; Edwards on Bills, 311, et seq.)
If, then, the allegation is, that one security or evidence of debt was given for another of a similar nature, the inquiry is open; was there a mutual, unconditional sale or exchange of one for the other; or was there any other condition or purpose for which the interchange was made ?
We think it clear that the Judge was right in admitting testimony to show on what agreement the check was given, upon the delivery of the note of Coffin & Haydock. The testimony was directed to the original consideration of the check.
The Judge would have erred, in our opinion, had he taken the question of the fact of a sale or no sale of the note from the jury, or expressly directed them to find a sale, as he was requested to do. There was evidence enough to go to the jury upon this question—indeed, evidence enough to sustain the conclusion they arrived at.
We consider, also, that his refusal to charge, as requested, that they could mot rescind the contract as tó this check and note without doing so as to the other, a proper refusal. There was nothing in the case, so connecting the one with the-other, as to make an indivisible contract.
The charge of the Court was, in our opinion, correct. The inquiry upon the testimony was legally open, whether the note was sold and the check given as its price—the defendants taking the note to use it as their own absolutely; or whether the note was delivered for the special purpose of trying to get it discounted, and the check given as a security to the plaintiffs in case the defendants succeeded in getting the money upon it, and to enable them to have the price a few days earlier than the note matured.
The case, then, went to the jury upon the point of the true-original consideration of the check. There was evidence requiring the Judge to submit this question to them. They have found that the delivery was made for the special purpose mentioned.' Their verdict is warranted by the testimony; and we conclude that no error was committed by the Court or jury.
The judgment must be affirmed, with costs.
Judgment accordingly.